Curia, per Earle, J.
The practice on appeals from the ordinary has been various, and it is not the intention of the court to review all the cases, in which the question now made has been glanced at, for it has no where been expressly decided, one way or the other. Such a review is not necessary for the purpose of deciding this case.
The question, whether the administrator was liable for the amount of Gibbs’ note, on the facts reported by the ordinary, was a conclusion of law, and not an issue of fact proper to be tried by a jury. All the facts relied on by the administrator, as an excuse for not collecting the note, were contained in the report of the ordinary, or admitted before the court. To submit it to a jury to say, in such a case, whether the administrator should be held liable, would be a departure from principle and precedent. It would withdraw from the ordinary and the courts, all questions of accountability, on the settlement of estates, by administrators and other trustees; and questions of legal liability, on a given state of facts, admitted or proved, instead of being determined in the proper forum, according to settled legal rules, would depend on the varying caprice of juries. If the liability was a question of law, it would have been an idle and useless form, to send the case to the jury, merely to obey, and record the instructions of the court. Such course is not required by the letter or spirit of the act of 1799, regulating appeals from the ordinary. On the facts before the court, as reported by the ordinary, there can be no doubt, his decree was right. The note of Gibbs’ fell due 1st January, 1823; and the writ on which judgment was obtained, did not issue until October, 1826, nearly four years after. Supposing him not responsible, for the incapacity or negligence of the attorney, who issued the first writ, when the action failed, even that did not issue until the autumn of 1824, nearly two years after the note fell due; and Gibbs remained solvent up to that time, and failed. In the case of Odell v. Young, decided in December, 1838, it was held, that a guardian suffering a note given, on the sale of an estate, with sufficient security, to stand for more than a year after due, in which *455 time the makers failed, was liable for the amount, (Eq. Dec.) The decree of the ordinary was properly affirmed.
As a question of general practice has been made, in regard to appeals from the ordinary, it is regarded as a fit occasion to express our opinion. The act of 1799 provides.for the right of appeal to the circuit courts; and it is not limited to any specific classes of cases. The circuit courts are required to hear such appeals, “ and all matters of fact shall be tried by a jury.” The court does not perceive any sufficient reason for saying, that the right of jury trial in such case, shall be restricted solely to questions of devisavit ml non. The language is general, and imperative ; and the party appealing may claim the benefit of it, which the court cannot withhold. But he must present his case, in such shape, as will enable the court to determine whether it be really a question of law for the decision of the court, or of fact proper for the jury. And this he should do at the earliest day, so as not to delay the adverse • party. He should give the requisite notice assigning errors; and should file,before the next succeeding term, his suggestion, setting out the decree of the ordinary, of which a copy should be annexed, and assigning the errors of which he complains. If they be errors of law, they should be so stated, and by concluding with a verification, the appellee will be able to make the question for the court, on demurrer. If they be questions of fact, and are so stated, the suggestion may conclude with a prayer that the matters be inquired of by the country. If the errors be partly of law and partly of fact, they ought each to be designated if possible, so that the appellee may demur to the legal exceptions, and take issue on the facts. If they are so mixed up, that they cannot be separated, then the whole issue, of necessity, must be treated as one of fact. Without prescribing an invariable course, to be pursued without exception, it seems that such a mode of pleading, as that indicated, would be very proper to be adopted in practice; and would avoid the confusion which must arise from mixed issues.
In the case before us, the appellant had never tendered any issue at law, or fact, although several terms had intervened ; and could *456 hardly claim to delay the adverse party, longer, even if the question had been one of fact.
Watson, for the motion.
Moses, contra.
The decision of the Circuit Court is affirmed, and the motion dismissed.
Evans, Butler and Richardson, Justices, concurred.
Note. — In the case of Southerlin et al. v. M'Kinney et al. ante. p. 35, the court decided “ that on an appeal to the court of Common Pleas from the decision of a court of ordinary establishing a will, the correct practice is, for the appellants to file a suggestion, setting forth the proceedings in the Ordinary’s Court, and then to assign, specifically the supposed errors in the judgment of that, court.” The court further held, “that in such a case the appellants are to he regarded as the actors and affirmants of the truth of the issues before the court, and bound to open the case, and entitled to the reply in evidence and argument.” The same point was decided after-wards, in the case of Tillman et al. v. Hatcher, ante. p. 271. In the principal case, the court says, “ that it does not perceive any sufficient reason for saying that the right of jury trial on appeals from the ordinary should be restricted solely to questions of devisavit vel non. The language of the act of 1799 is general and imperative ; and the party appealing may claim the benefit of it, which the court cannot withhold. But he must present his case in such shape as will enable the court to determine whether it be really a question of law for the decision of the court or of fact proper for the jury. See the opinion of the court in the latter case, delivered by Earle, J., in which the correct practice in such cases is pointed out, and which seems to be in entire accordance with the cases of Southerlin et al. v. M'Kinney et al. and Tillman et al. v. Hatcher. R.